**Joint Motion for Entry of Agreed Order Granted and Order of Abatement filed March 5, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00048-CV

**ASHLEY THOMAS, Appellant**

**V.**

**DM ARBOR COURT, Appellee**

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1119150**

## ORDER

Appellant, Ashley Thomas, and Appellee, DM Arbor Court, filed a Joint Motion for Entry of Agreed Order. They asserted in their joint motion that they "agreed to a settlement of this appeal" pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(A) and (B). They stated: "Specifically, the parties have agreed that the trial court's final judgment be set aside and vacated without regard to the merits and the case be remanded to the trial court for the filing of a notice

nonsuiting all claims in the lawsuit with prejudice." Further, the parties "jointly pray[ed] this Court set aside the trial court's final judgment without regard to the merits and remand this case to the trial court for the filing of a notice of nonsuit with prejudice in accordance with the parties' agreement pursuant to TRAP 42.1(a)(2)(A) and (B)."

Texas Rule of Appellate Procedure 42.1(a)(2)(A) and (B) does not allow this Court to "set aside the trial court's final judgment without regard to the merits and remand this case to the trial court for the filing of a notice of nonsuit with prejudice." *See* Tex. R. App. P. 42.1(a)(2)(A), (B). However, Texas Rule of Appellate Procedure 42.1(a)(2)(C) provides that this court may "abate the appeal and permit proceedings in the trial court to effectuate the agreement" of the parties. *See* Tex. R. App. P. 42.1(a)(2)(C).

Accordingly, we grant the parties' joint motion pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(C) and abate the appeal to permit proceedings in the trial court, *i.e.* "the filing of a notice of nonsuit with prejudice", to effectuate the parties' agreement. *See* Tex. R. App. P. 42.1(a)(2)(C). The parties are instructed to file a supplemental clerk's record in this Court within 10 days of any action taken in the trial court showing the action(s) taken.

PER CURIAM

Panel Consists of Justices Bourliot, Hassan, and Poissant.